**Motion for Rehearing Denied; Majority Opinion of July 6, 2023, Withdrawn and Judgment Vacated; Reversed and Rendered in Part, Affirmed as Modified in Part, and Substitute Majority Opinion and Dissenting Opinion on Rehearing filed November 21, 2023.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

### NO. 14-22-00433-CV

---

**BILL WYLY DEVELOPMENT, INC. AND WILLIAM WYLY, Appellants**

**V.**

**ERON SMITH AND HANNA SMITH, Appellees**

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 14CV1126-A**

---

## DISSENTING OPINION ON REHEARING

I am dissenting on rehearing because the court is obviously rehearing the case by substituting a substantively new opinion, notwithstanding the majority's denial

of the motion for rehearing.[1] That's merely handwaving and saying, "Pay no attention, it's not a rehearing because we say so."

When the 1997 Texas Rules of Appellate Procedure were promulgated, rule 49.2 was written to prohibit the court from granting a motion for rehearing without first requesting a response. Tex. R. App. P. 49.2 ("No response to a motion for rehearing need be filed unless the court so requests. A motion will not be granted unless a response has been filed or requested by the court."). The previous 1986 Texas Rule of Appellate Procedure 100(b) merely stated, "No reply to a motion for

_____

[1] I am not withdrawing my July 6, 2023 concurring and dissenting opinion. For context, in the original majority opinion, footnote 3—in its entirety—stated:

> Appellants both (1) moved for a directed verdict at the close of evidence and (2) filed a motion to disregard the jury's findings. Therefore, appellants preserved error on their legal sufficiency challenge. *See* Tex. R. App. P. 33.1(a), (b); *Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 748-49 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

In the new substitute majority opinion, footnote 3 now reads as follows:

> Appellants both (1) moved for a directed verdict at the close of evidence and (2) filed a motion to disregard the jury's findings. Therefore, appellants preserved error on their legal sufficiency challenge. *See* Tex. R. App. P. 33.1(a), (b); *Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 748-49 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Citing Texas Rule of Appellant Procedure 38.1(i), our dissenting colleague contends that we have no basis to decide whether the judgment against Wyly Development on the intentional infliction claim is improper because Wyly Development has not argued on appeal that the trial court erred in rendering judgment on the intentional infliction claim and has therefore waived any argument in that respect. In their motion for rehearing, the Smiths adopt the dissenting justice's argument. We reject their assertion, however, because appellants' brief, filed jointly by Wyly and Wyly Development, challenges the trial court's denial of their motion for directed verdict and argues that there is legally insufficient evidence to support the Smiths' intentional infliction claim. Moreover, in the prayer for relief, both Wyly Development and Wyly ask that we reverse and render judgment in their favor for the reasons expressed in the brief, including because the intentional infliction finding lacks legally sufficient evidentiary support. Thus, we conclude that Wyly Development sufficiently raised, and did not waive, a challenge to the legal sufficiency of the evidence to support this claim.

rehearing need be filed unless requested by the court." Tex. R. App. P. 100(b), 49 Tex. B.J. 556, 584 (Tex. Apr. 10, 1986, eff. Sept. 1, 1986). The clear intent in the 1997 rule was to assure the nonmovant that there would be no substantive change to the opinion or judgment without the court of appeals requesting a response, which saves the nonmovant the expense of a response.

Obviously, the courts of appeals were quick to circumvent this by denying motions for rehearing yet issuing substantive opinions in connection with those denials. This is nothing new. It's also wrong, and the fact that others have and continue to do the wrong thing is no justification for doing the wrong thing.

The message has been clear for a long time—don't count on the courts of appeals to ask for a response to a rehearing. If a client's counsel has a legitimate concern about the motion, the client should be informed that counsel needs to be paid to file a response.

Until the supreme court and court of criminal appeals delete the second sentence in Rule 49.2, I do and will continue to follow the clear intent of the rule. If I determine there is a need to write on rehearing even if I do not agree that the judgment should be changed, then I ask for a response and then, and only then, write an opinion on rehearing. Because the majority does not, I dissent.[2]


/s    Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting on rehearing).

---

[2] For the sake of clarification, I have no problem when a court of appeals denies a motion for rehearing and issues a corrected opinion that merely fixes minor mistakes or corrects typos. My problem is when a court of appeals—without requesting a response—ostensibly denies a motion for rehearing but then issues a corrected opinion with substantive changes.